UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| METROPCS, a brand of T-MOBILE USA, Inc., a Delaware Corporation<br><br>    Plaintiff,<br><br>v.<br><br>YOCELYN RAYMOND, a/k/a YOCELYN YULIMAR RAYMOND, a/k/a YOCELYN VILLAPAREDES RAYMOND,<br><br>    Defendant. | Civil Action No: 1:15-CV-01062<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S DEPOSITION IN AID OF EXECUTION OF JUDGMENT AND FOR SANCTIONS WITH SUPPORTING MEMORANDUM OF LAW** |

Plaintiff T-Mobile USA, Inc., a Delaware corporation ("T-Mobile"), for itself and its MetroPCS brand (collectively referred to hereafter as "MetroPCS" or "Plaintiff"), through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 37 and 69, Local Rule CV-7, and the Final Default Judgment and Permanent Injunction entered against Defendant Yocelyn Raymond, a/k/a Yocelyn Yulimar Raymond, a/k/a Yocelyn Villaparedes Raymond (hereinafter "Defendant") [DE 25], hereby moves this Court for an order compelling Defendant to appear for and produce documents at her re-noticed deposition *duces tecum* in aid of execution of judgment and for sanctions, and in support thereof states as follows:

I.      **INTRODUCTION**

MetroPCS filed this action for damages and injunctive relief as part of a nationwide effort to stop Defendant and numerous other co-conspirators from engaging in schemes to profit through unlawful activity that cause Plaintiff substantial financial losses. As set forth fully in the Complaint, Defendant perpetrates an unlawful scheme (the "Handset Theft and Trafficking Scheme" or the "Scheme") to profit, at Plaintiff's expense, from the illegal acquisition and resale

of new wireless handsets and other mobile devices ("MetroPCS Handsets" or "Handsets") by stealing the substantial financial investments that Plaintiff makes in the Handsets.

Specifically, Defendant and her co-conspirators acquire new MetroPCS Handsets through various illegal methods, including the use of "runners" and/or "mules."[1] As part of the Scheme, the new Handsets, which may be purchased and sold multiple times before they are ever used, ultimately end up in the hands of someone other than a MetroPCS customer. Along the way, the Handsets are "unlocked" so they will operate on other wireless networks. Often the ultimate user of the Handset is located overseas, in a country where the wireless service provider does not underwrite the cost of new phones.

## II.  PROCEDURAL POSTURE AND POST-JUDGMENT DISCOVERY STATUS

On November 23, 2015, MetroPCS filed this action and Defendant was properly served pursuant to Federal Rule of Civil Procedure 4(e)(2)(A) with the summons and complaint on November 30, 2015. *See* DE 15. Defendant failed to answer or otherwise defend this case, and therefore, a clerk's default was entered against Defendant on December 28, 2015.  [DE 18]. On March 22, 2016, MetroPCS moved for default final judgment and permanent injunction against Defendant.  [DE 20].  On March 29, 2016, the Court heard argument in favor of Plaintiff's motion. [DE 23].  Defendant did not appear. *Id.* The Court entered a Final Judgment and Permanent Injunction against Defendant on April 4, 2016, and awarded MetroPCS damages in the amount of $1,205,209.30 and a permanent injunction.  [DE 25].

Following entry of the Final Judgment and Permanent Injunction, on June 16, 2016, MetroPCS personally served Defendant with a Notice of Taking Deposition *duces tecum* in Aid of Execution.  True and correct copies of the Notice of Taking Deposition Duces Tecum for Defendant,

---

[1] A "Runner" is an individual or entity that makes multiple purchases of new MetroPCS Handsets on behalf of phone traffickers like Defendants. A "Mule" is an individual or entity that signs up for wireless service with MetroPCS – never intending to comply with the terms and conditions – to obtain new subsidized MetroPCS Handsets for resale by phone traffickers like Defendants.

as well as the Return of Service Affidavit, are attached hereto as Composite **Exhibit A**. Defendant's deposition in aid of execution was scheduled to take place on July 12, 2016, at Regus Business Centers, 221 N. Kansas Street, Suite 700, El Paso, Texas 79901. *Id.* Defendant failed to appear for her deposition and did not contact Plaintiff's counsel before or after the deposition to reschedule. A true and correct copy of Certificate of Non-Appearance for Defendant is attached hereto as **Exhibit B**.

On September 12, 2016, prior to drafting this Motion, MetroPCS's counsel attempted in good faith to contact Defendant using the telephone number provided to MetroPCS by its investigators. Plaintiff's counsel left a voicemail regarding the subject matter pertaining to this motion and requested a call back. Plaintiff's counsel never received a return call. As a result, Plaintiff's counsel was unsuccessful in contacting Defendant regarding her failure to appear for her duly-noticed deposition and the possibility of rescheduling same. From the inception of this case, Defendant has failed to participate in this litigation and continues to ignore her obligations under the laws of this jurisdiction and the United States. Defendant's intentional and evasive actions necessitated the instant motion.

### III.  LEGAL ARGUMENT

#### A.  The Court Should Compel Defendant to Attend Her Depositions in Aid of Execution of Judgment

Defendant should be compelled to appear for her re-scheduled deposition *duces tecum* in aid of execution of judgment, and to produce all of the documents requested in the Notice of Taking Deposition. Federal Rule of Civil Procedure 69 governs post-judgment discovery, which provides "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor," as provided in the Federal Rules of Procedure or by the procedure established within the state the court is located. FED. R. CIV. P. 69(a)(2). "A

judgment creditor thus has the choice of which method to use." *Federal Deposit Ins. Corp. v. LeGrand*, 43 F.3d 163, 171 (5th Cir. 1995); *British Intern. Ins. Co., Ltd. V. Seguros La Republica, S.A.*, 200 F.R.D. 586, 594 (W.D. Tex. 2000) ("Rule 69(a) provides the judgment creditor with 'a choice between using the federal discovery rules and using the practice of the state court.'") (citations omitted). MetroPCS elects to use the federal discovery rules in aid of execution.

Post-judgment discovery is broad. *British Intern. Ins. Co., Ltd.*, 200 F.R.D. at 589. It is well-understood that "'[t]he judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor,'" in order to collect on a debt. *Id.* (quoting *Caisson Corp. v. Cty. W. Bldg. Corp.*, 62 F.R.D. 331, 334 (E.D. Pa. 1974)). "The purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgement debtor's assets." *Id.* (citing *LeGrand*, 43 F.3d at 172) ("The scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made.") (internal quotation marks omitted); *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967) ("The discovery provisions of the Federal Rules of Civil Procedure were designed to afford the parties the right to obtain information pertinent to the pending controversy, and to effectuate that purpose they are to be liberally construed. That basic philosophy applies with equal force whether the information is sought in pre-trial or in a post-judgment discovery proceeding.") (internal quotation marks omitted).

The broad inquiry permitted by the Federal Rules of Civil Procedure includes compelling a judgment debtor to submit to a deposition in aid of execution. *Whirter*, 376 F.2d at 106 (finding "the testimony before the House Committee on the Judiciary which considered the federal rules when they were promulgated clearly indicates that the framers intended to give the judgment creditor the right to use all the discovery devices afforded by Rules 26 to 33," which would

include depositions); *T-M Vacuum Products, Inc. v. Taisc, Inc.*, No. H-07-4108, 2008 WL 5082413, at *4 (S.D. Tex. Nov. 25, 2008) (granting motion to compel debtor's deposition).

As such, MetroPCS is entitled to post-judgment discovery in aid of execution, which includes the taking of a deposition of the judgment debtor for purposes of executing on the judgment. FED. R. CIV. P. 69(a)(2); *see also Taisc, Inc.*, 2008 Wl 5082413, at *4. MetroPCS respectfully requests that Defendant be compelled to appear for and fully cooperate at a properly re-noticed deposition in aid of execution of judgment and to produce the requested documents outlined in the notice at the deposition. This relief is particularly necessary here, where Defendant has failed to attend her duly-noticed deposition, produce any discovery or participate in this case in any manner.

MetroPCS also seeks sanctions against Defendant. Pursuant to Rule 37(d), a party's failure to appear for a duly-noticed deposition can result in sanctions, including an award of the moving party's attorneys' fees and costs incurred in making the motion to compel. FED. R. CIV. P. 37(d). Rule 37(d)(3) directs the court to review Rule 37(b)(2) for a list of permissible sanctions within the court's discretion, including holding the party who failed to act in contempt. *Id.* 37(d)(3). "The discretion of the district court to order sanctions under Rule 37(b)(2) is broad. . . ." *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976) (affirming district court's order striking the pleadings of the party who failed to appear at his duly noticed deposition). "[T]he language of Rule 37(d) makes clear that the application of sanctions is entrusted to the discretion of the trial judge, and overleniency is to be avoided where it results in inadequate protection of discovery." *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970) (affirming the district court's order granting default judgment as a sanction against party who failed to produce its officer for deposition).

MetroPCS is entitled to collect on its judgment against Defendant and to pursue all available post-judgment discovery allowed under the Federal Rules of Civil Procedure. MetroPCS has exhausted all potential methods to proceed with Defendant's deposition *duces tecum* and Defendant refused to cooperate. As such, MetroPCS respectfully requests that this Court compel Defendant to appear for and fully cooperate at her properly re-noticed deposition, produce the requested documents at the re-noticed deposition, and award MetroPCS appropriate sanctions against Defendant, including payment of Plaintiff's attorneys fees and costs resulting from Defendant's failure to appear at her duly-noticed deposition.

## IV.    CONCLUSION

WHEREFORE Plaintiff T-Mobile USA, Inc., for itself and its MetroPCS brand respectfully requests that this Court enter an order: (1) compelling Defendant Yocelyn Raymond, a/k/a Yocelyn Yulimar Raymond, a/k/a Yocelyn Villaparedes Raymond to attend, fully cooperate and produce documents outlined in the notice, *see* Ex. A., at her re-noticed deposition *duces tecum* in aid of execution of judgment; and (2) sanctioning Defendant for her failure to appear at her duly-noticed deposition duces tecum, including payment of reasonable expenses, including attorneys' fees,[2] to MetroPCS, and for any such other and further relief as this Court deems just and proper. A proposed order is attached as **Exhibit C**.

### Local Rule CV-7(i)  Certificate of Conference

Counsel for Plaintiff attempted to confer with *Pro Se* Defendant regarding the relief requested within this motion; however, counsel for Plaintiff was unable to confer because *Pro Se* Defendant has not appeared in this case and failed to return Plaintiff's counsel's voicemail left for Pro Se Defendant pertaining to the subject matter raised in this Motion.

---

[2] If the Court grants MetroPCS's request, MetroPCS will submit itemized documentation of its attorneys' fees and costs.

Respectfully submitted, October 18, 2016

By: /s/   *Michelle Nichols DeLong*
April R. Terry
ATTORNEY-IN-CHARGE
Federal Bar No. 24205
SBT: 00794248
Email: aterry@grayreed.com
Gray Reed & McGraw, P.C.
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Phone: (469) 320-6130
Fax: (469) 320-6828

James B. Baldinger
Florida Bar No. 869899
Email: jbaldinger@carltonfields.com
*Admitted Pro Hac Vice*
Stacey K. Sutton
Florida Bar No. 0289530
Email: ssutton@carltonfields.com
*Admitted Pro Hac Vice*
Alana Zorrilla-Gaston
Florida Bar No. 27256
Email: agaston@carltonfields.com
*Admitted Pro Hac Vice*
Michelle Nichols DeLong
Florida Bar No. 111452
Email: mdelong@carltonfields.com
*Admitted Pro Hac Vice*
**CARLTON FIELDS JORDEN BURT, P.A.**
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida 33401
Phone: (561) 659-7070
Fax: (561) 659-7368
*Attorneys for Plaintiff*

108683973.1                                    7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorney(s) of record that the documents have been filed and are available for view and downloading.

I HEREBY CERTIFY that also on this day true and correct copies of the foregoing were served by First Class U.S. Mail, postage prepaid, and by Certified Mail on:

Yocelyn Raymond
11113 Volare Drive
El Paso, TX 79936

Dated: October 18, 2016

                                                /s/ Michelle Nichols DeLong